UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HIRLINGER, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> WP COMPANY LLC, <br><br>  Defendant. | Case No. 23-cv-05963-AMO <br><br> **ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Re: Dkt. No. 30 |

This case concerns allegations of false advertising. Before the Court is Defendant WP Company LLC's ("TWP") motion to dismiss the First Amended Complaint ("FAC"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for January 16, 2025. *See* Civil L.R. 7-6. This order assumes familiarity with the facts, the applicable legal standards, and the arguments made by the parties. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion to dismiss for the following reasons.

On June 10, 2024, the Court granted TWP's motion to dismiss the Complaint, finding that the strikethrough prices on TWP's website "clearly and unambiguously refer[] to the future renewal price for the subscription," and are therefore not false reference prices. Order (ECF 22) at 9. The Court concluded that the struck-through price shown in the checkout flow "is not a false reference point – it represents the regular rate for the subscription charged to consumers following the first year." *Id.* at 10. "Because potential purchasers of a TWP subscription must interact with the screen that Plaintiffs include at paragraph 47 of the Complaint," the Court concluded that "they are made aware that subscriptions begin at a lower introductory rate, then renew at the full price, before they make their purchase." *Id.* The Court also found that any "purported distinction

1  between 'first-year' subscriptions and 'renewal' subscriptions is one of Plaintiffs' own invention."
2  *Id.* The Court granted Plaintiffs leave to file an amended complaint. *Id.* at 12.
3        Plaintiffs filed the FAC on July 1, 2024. ECF 26. The FAC, like Plaintiffs' original
4  complaint, focuses on the same pages in the same sign-up flow – each with the same disclosures at
5  the bottom of the pages and the same agreement to TWP's terms and conditions. *See, e.g.*,
6  FAC ¶¶ 13, 32, 45. In defense of this pleading, Plaintiffs argue that the pricing scheme on TWP's
7  website represents false advertising, analogizing to a pair of false former price cases. *See* Opp. at
8  15-18 (citing *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718 (N.D. Cal. 2024); *Knapp v.*
9  *Art.com, Inc.*, No. 16-cv-00768-WHO, 2016 WL 3268995 (N.D. Cal. June 15, 2016)). In those
10 cases, the courts permitted theories of false former pricing to move forward on a theory that the
11 defendants maintained "perpetual sales" that rendered strikethrough or discounted price
12 advertisements illusory. *See id.* (citing *Vizcarra*, 710 F. Supp. 3d at 724-25; *Knapp*, 2016 WL
13 3268995 at *3-4). Plaintiffs here attack the struckthrough $120 on TWP's website as a false
14 former price on a theory that $120 represents a false former price for "first-year subscriptions" that
15 TWP rarely sells at the full price. *See* FAC ¶¶ 3-5.
16       Plaintiffs again attempt to split the actual product (the All-Access Digital Subscription)
17 into two parts, a "first-year digital subscription" and "renewal subscriptions, which renew
18 automatically" and are "for consumers who choose to continue their digital subscriptions after the
19 initial introductory period." Opp. at 11; *see also* FAC ¶¶ 13, 32, 45. This renders Plaintiffs'
20 allegations implausible because, again, "the purported distinction between 'first-year'
21 subscriptions and 'renewal' subscriptions is one of Plaintiffs' own invention[.]" Order at 10.[1] A
22 subscriber does not buy only a "first-year subscription" from TWP and later buy a renewal
23 subscription. Instead, the FAC reveals the opposite: a consumer purchases an automatically
24 renewing subscription and agrees, at the time of that initial purchase, to pay the full price upon
25
26 [1] Though Plaintiffs argue that the Court's June 10 Order dismissing their original complaint made
27 an improper "logical leap . . . that a current price cannot also be a former price" (Opp. at 15), the
concept of a "first-year subscription" for one year of access as distinct from a "renewal
28 subscription" fails under a plain reading of the webpages included in the FAC and the exhibits to
the Iyer Declaration.

1  renewal.  *See* FAC ¶ 45.  TWP offered the product at issue, its annual All-Access Digital
2  Subscription, to consumers at "$40 for one year, then $120 every year thereafter."  FAC ¶ 45.
3  Indeed, TWP's Checkout Page disclosures plainly describe the automatically renewing
4  subscription that TWP sells and, more importantly, explain the nature of TWP's subscription
5  pricing so that consumers understand what they are agreeing to pay: "$40 for one year, then $120
6  every year thereafter."  FAC ¶ 45.[2]

7  Here, TWP discloses the nature of its tiered pricing structure for the All-Access Digital
8  Subscription.  *See* FAC ¶ 45.; *see also* Order at 9 (finding that the $120 reference is not a former
9  price; rather, "The $120 figure clearly and unambiguously refers to the future renewal price for the
10  subscription.").  Accordingly, Plaintiffs fail to identify any falsity or deception in TWP's
11  subscription advertisements.  *Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at
12  *5 (N.D. Cal. June 24, 2022) (finding that California's False Advertising Law does not apply if
13  disclaimers or other contextual language make clear that a reference price is not a former price).
14  Where "there is no deceptive act to be dispelled and no other statement or other depiction that
15  could mislead the reasonable consumer, then it is not plausible that a significant portion of the
16  general consuming public could be deceived."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir.
17  2016) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 936 (9th Cir. 2008)) (internal
18  quotation mark omitted).  The Court finds, in the absence of any deception in TWP's
19  advertisement, that Plaintiffs cannot plausibly state a claim for violation of any of the California or
20  District of Columbia statutes cited, and it accordingly **DISMISSES** the FAC.

21  Typically, a complaint dismissed under Rule 12(b)(6) is subject to leave to amend, unless
22  further amendment would be futile.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532
23  (9th Cir. 2008) (finding no abuse of discretion in denying leave to amend where the amendment
24  would be futile); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, because Plaintiffs

---

[2] TWP requests that the Court to take judicial notice of the full Checkout Page and TWP's Terms of Sale for Digital Products. ECF 30-4.  Plaintiffs "object[]" to TWP's Request in their Opposition.  Opp. at 19, n.9.  For the same reasons explained in the Court's earlier order (*see* Order at 6-7), the Court **GRANTS** the request and takes judicial notice of both the Terms and the full Checkout Page.

1 continue to plead the implausible existence of two distinct types of subscriptions in support of
2 their "former false price" theory of the case, it is apparent that further amendment would prove
3 futile. Therefore, the Court dismisses the claims against Defendants without leave to amend.
4     For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss the FAC.
5 The Court **DISMISSES** the case **WITH PREJUDICE**.

    **IT IS SO ORDERED.**

Dated: January 13, 2025

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**